**Alexander FLORES MARTINEZ, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73744.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Alexander Flores Martinez, Los Angeles, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

### MEMORANDUM **

Alexander Flores Martinez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand to apply for relief under the Convention Against Torture, and dismissing his appeal from an immigration judge's denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying the motion to remand because Flores Martinez failed to provide any evidence that he would be at risk of suffering torture if he were returned to Guatemala. *See Rodriguez v. INS,* 841 F.2d 865, 867 (9th Cir.1987) (motion to remand requires showing of prima facie eligibility for relief sought).

Flores Martinez waived any challenge to the denial of his application for cancella-

tion of removal by failing to raise this issue in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996).

Flores Martinez's voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir. 2004).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

